UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 1:18-CR-0079 |
| v. | ) | |
| | ) | PLEA AGREEMENT |
| BRIAN LEE RHODES, | ) | |
| | ) | |
| Defendant. | ) | |

The United States of America (also referred to as "the Government") and the Defendant,

BRIAN LEE RHODES, and Defendant's attorney, enter into this Plea Agreement.

## A. CHARGES

1. <u>Subject Offenses</u>. Defendant will plead guilty to Counts 1, 2, and 3 of the *Superseding* Indictment, that is Coercion and Enticement, in violation of Title 18 United States Code Section 2422(b). Defendant will also plead guilty to Count 5 of the Indictment, that is Distribution of Child Pornography, in violation of Title 18 United States Code, Section 2252(a)(2) and 2252(b)(1). Defendant also agrees to forfeiture of the computer equipment/etc. listed in the Indictment.

2. <u>Charges Being Dismissed</u>. If the Court accepts this Plea Agreement, Count 4 of the Indictment will be dismissed at the time of sentencing.

3. <u>No Further Prosecution</u>. The Government agrees that Defendant will not be charged in the Southern District of Iowa with any other federal criminal offense arising from or directly relating to this investigation. This paragraph and this Plea Agreement do not apply to (1) any criminal act occurring after the date of this agreement, (2) any crime of violence.

## B. MAXIMUM PENALTIES

4. <u>Maximum and Mandatory Minimum Punishment</u>. Defendant understands that the crimes to which Defendant is pleading guilty to in Counts 1, 2, and 3 each carries a mandatory

minimum of ten years and a maximum sentence of lifetime; a maximum fine of $250,000; and a term of supervised release of at least five years and up to lifetime. Count 5 carries a mandatory minimum sentence of at least five years in prison and a maximum sentence of up to twenty years in prison; a maximum fine of $250,000; and a term of supervised release of at least five years and up to lifetime.   A mandatory special assessment of $100 per count also must be imposed by the sentencing court.   Defendant understands that the Court may not impose a sentence less than the mandatory minimum sentence.   Defendant understands that these sentences may be imposed consecutively.

     5.    <u>Supervised Release--Explained</u>.   Defendant understands that, during any period of supervised release or probation, Defendant will be under court supervision and will be required to comply with certain conditions.   If Defendant violates a condition of supervised release by committing an offense under chapters 109A, 110, or 117 of Title 18, United States Code, or Section 1201 or 1591, for which a term of imprisonment for a term of longer than a year can be imposed, Defendant's supervised release will be revoked and Defendant will be sentenced to no less than 5 years' imprisonment, without any credit for time previously served.   If Defendant otherwise violates a condition of supervised release, Defendant could have Defendant's term of supervised release revoked and could be sentenced to serve in prison all or part of the term of supervised release authorized by statute, without any credit for time previously served.

     **6.**    <u>Detention</u>.   Pursuant to the Mandatory Detention for Offenders Convicted of Serious Crimes Act (18 U.S.C. § 3143), Defendant agrees to remain in custody following the completion of the entry of Defendant's guilty plea to await the imposition of sentence.

C.   **NATURE OF THE OFFENSE -- FACTUAL BASIS**

7.   <u>Elements Understood</u>.   Defendant understands that to prove the offense alleged under Counts 1, 2, and 3, the Government would be required to prove beyond a reasonable doubt the following elements:

> (1) the defendant knowingly used a cellular telephone with access to the Internet to attempt to persuade, induce, entice, coerce an individual under the age of eighteen years of age to engage in a sex act;
>
> (2) the defendant believed that such individual was less that eighteen years of age; and,
>
> (3) that if the sexual activity had occurred, the defendant could have been charged with a criminal offense in the state of Iowa.

Defendant further understands that to prove the offense alleged under Count 5, Distribution of Child Pornography, the Government would be required to prove beyond a reasonable doubt the following elements:

> (1) The defendant knowingly distributed one or more visual depictions of child pornography;
>
> (2)  defendant knew the visual depictions were of a minor engaging in sexually explicit conduct; and,
>
> (3)  the visual depictions had been mailed, shipped, or transported in interstate or foreign commerce, by any means including by computer.

8.   <u>Factual Basis</u>.   As a factual basis for Defendant's plea of guilty to Counts 1, 2, and 3, Defendant admits the following:

> (a)   Defendant set up Facebook accounts in the names of Andrew Turner and Ellen Seddin.
>
> (b)   Between March 5-14, 2018, the defendant used the fraudulent Andrew Turner Facebook account and had several conversations with JB.  JB identifies herself as an 11 year old and the defendant told JB he was 16.
>
> (c)   The defendant wanted to play truth or dare with B and dares JB to put her hands between her niece's legs and rub her privates, show her niece her

boobs and let her feel them, or tell her niece she has hair down there and show her if she wants to see it. The defendant then changes the dare to taking a picture of JB showing her boobs and send him a picture. JB sends the defendant a picture of her breasts. The defendant asks JB to do other sexual related dares with her niece.

(d) The defendant communicates on Facebook using the fraudulent Andrew Turner account with ND who tells the defendant she is seventeen years old. She sends the defendant a picture of her naked breasts and the defendant sends a penis picture to ND.

(e) ND tells the defendant that her dad is a sex offender and the defendant talks to ND about what that world is like. Defendant asked ND if she would show her 2 year old niece her breasts. Defendant also asked if she would let him see her niece's privates and if kids and adults can be naked together. Defendant made comments about if he was making her more interested in kids and sex and it would be ok if she was.

(f) Defendant communicated with PS using the fraudulent Ellen Seddon Facebook account. PS was 11 years old when they first start talking and communicate sporadically for a year. The defendant wanted PS to turn on her web camera so he could see her do dares. Defendant talked PS in to sending several videos to him of the dares he requested PS to do. PS sent the defendant a picture and videos of her bare chest at his request. The defendant asked PS to take videos of PS doing dares with her sisters. PS sent a picture and video to the defendant of her little sister's pants down with underwear on. PS also sent videos of her sister touching her privates through clothing and telling her sister to touch her own privates.

(g) Defendant asked PS to do several more dares that involved sending videos of her little sister showing her privates and touching her privates.

(h) Defendant attempted to entice JB, ND, and PS to touch their younger siblings or niece's private parts or allow the defendant to see the private parts of these prepubescent children.

(i) All of these events occurred using a computer or cellular phone accessing the Internet in Creston, Iowa, and/or in the Southern District of Iowa.

As a factual basis as to Count 5, defendant admits the following:

(a) In April 2018, Defendant set up a Facebook account as Sara Rothe, pretending to be an 8 year old female and began communicating with Jeremy Jameson via Facebook messenger. The defendant also set up an account under the name of Amy Brenizer pretending to be Sara Rothe's

mother and communicated via Facebook with Jeremy Jameson.

(b)    During the communication, the discussions were sexual in nature and the defendant used the fraudulent Sara Rothe Facebook account to send Jeremy Jameson an image of child pornography, a naked prepubescent child, with her genitals exposed on April 29, 2018.

(c)    Defendant during his communication on Facebook knowingly distributed child pornography to Jeremy Jameson.

(d)    Some or all of the above facts occurred in the Southern District of Iowa.

9.    <u>Truthfulness of Factual Basis</u>.   Defendant acknowledges that the above statements are true.  Defendant understands that, during the change of plea hearing, the judge and the prosecutor may ask Defendant questions under oath about the offense to which Defendant is pleading guilty, in the presence of Defendant's attorney.   Defendant understands that Defendant must answer these questions truthfully, and that Defendant can be prosecuted for perjury if Defendant gives any false answers.

10.    <u>Waiver of Rule 410 Rights</u>.  The Defendant expressly waives Defendant's rights under Rule 410 of the Federal Rules of Evidence and agrees that all factual statements made in this plea agreement, including under the Factual Basis, are admissible against the Defendant. Should Defendant fail to plead guilty pursuant to this plea agreement or move to withdraw his plea or to set aside Defendant's conviction, then these admissions may be used against Defendant in the Government's case-in-chief and otherwise, including during the continuing prosecution of this case.

11.    <u>Venue</u>.  Defendant agrees that venue for this case is proper for the United States District Court for the Southern District of Iowa.

D.   SENTENCING

12.   <u>Sentencing Guidelines</u>.   Defendant understands that Defendant's sentence will be determined by the Court after considering the advisory United States Sentencing Guidelines, together with other factors set forth by law.   The Sentencing Guidelines establish a sentencing range based upon factors determined to be present in the case, which include, but are not limited to the following:

(a)   The nature of the offenses to which Defendant is pleading guilty;

(b)   The nature of the images involved, including the age of the children depicted and the nature of the sexually explicit conduct, and the number of such images;

(c)   Whether a computer was used in the offense;

(e)   Whether the images were distributed for the purpose of enticement of a minor;

(f)   The nature and extent of Defendant's criminal history (prior convictions); and,

(g)   Acceptance or lack of acceptance of responsibility.

Defendant understands that, under some circumstances, the Court may "depart" or "vary" from the Sentencing Guidelines and impose a sentence more severe or less severe than provided by the guidelines, up to the maximum in the statute of conviction.   Defendant has discussed the Sentencing Guidelines with Defendant's attorney.

13.   <u>Acceptance of Responsibility</u>.   The Government agrees to recommend that Defendant receive credit for acceptance of responsibility under USSG §3E1.1.   The Government reserves the right to oppose a reduction under §3E1.1 if after the plea proceeding Defendant obstructs justice, fails to cooperate fully and truthfully with the United States Probation Office, attempts to withdraw Defendant's plea, or otherwise engages in conduct not consistent with

6

acceptance of responsibility.   If the base offense level is 16 or above, as determined by the Court, the Government agrees that Defendant should receive a 3-level reduction, based on timely notification to the Government of Defendant's intent to plead guilty.

14.   <u>Presentence Report</u>.   Defendant understands that the Court may defer a decision as to whether to accept this Plea Agreement until after a Presentence Report has been prepared by the United States Probation Office, and after Defendant's attorney and the Government have had an opportunity to review and challenge the Presentence Report.   The parties are free to provide all relevant information to the Probation Office for use in preparing a Presentence Report.

15.   <u>Disclosure of Presentence Investigation Reports</u>. The United States District Court for the Southern District of Iowa has issued the following Administrative Order:

> The presentence investigation report is a sealed and confidential document. Unless specifically authorized by the district court, a defendant may not disseminate, disclose, or distribute a presentence investigation report, or any part or page of a presentence investigation report, in either draft or final form. A defendant who violates this order, may be subject to prosecution for contempt of court under 18 U.S.C. § 401(3). This order does not apply to a defendant's review of a presentence investigation report with the defendant's own attorney.

Defendant acknowledges that he knows about and understands this order.

16.   <u>Evidence at Sentencing</u>.   The parties may make whatever comment and evidentiary offer they deem appropriate at the time of sentencing and entry of plea, provided that such offer or comment does not violate any other provision of this Plea Agreement.   Nothing in this Plea Agreement restricts the right of Defendant or any victim to make an allocution statement, to the extent permitted under the Federal Rules of Criminal Procedure, nor does this Plea Agreement convey any rights to appear at proceedings or make statements that do not otherwise exist.

17.   <u>Sentence to be Decided by Judge -- No Promises</u>.   This Plea Agreement is entered

7

pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure.   Defendant understands

that the final sentence, including the application of the Sentencing Guidelines and any upward or

downward departures, is within the sole discretion of the sentencing judge, and that the sentencing

judge is not required to accept any factual or legal stipulations agreed to by the parties.   Any

estimate of the possible sentence to be imposed, by a defense attorney or the Government, is only

a prediction, and not a promise, and is not binding.   Therefore, it is uncertain at this time what

Defendant's actual sentence will be.

18.   <u>No Right to Withdraw Plea</u>.   Defendant understands that Defendant will have no

right to withdraw Defendant's plea if the sentence imposed, or the application of the Sentencing

Guidelines, is other than what Defendant anticipated, or if the sentencing judge declines to follow

the parties' recommendations.

**E.   FORFEITURE, FINES, COSTS, AND RESTITUTION**

19.   <u>Forfeiture</u>.   Defendant agrees to forfeiture of the property identified in the

Indictment, including computer, cellular phone, electronic devices.   Defendant will execute any

documents as directed by the Government to complete the forfeiture.

20.   <u>Waivers Regarding Forfeiture</u>.   Defendant waives all constitutional and statutory

challenges in any manner (including direct appeal, habeas corpus, or any other means) to any

forfeiture carried out in accordance with this Plea Agreement on any grounds.   Defendant further

agrees that the forfeiture provisions of this Plea Agreement are intended to, and will, survive

Defendant notwithstanding the abatement of any underlying criminal conviction after execution

of this Plea Agreement.   The forfeitability of any particular property pursuant to this agreement

shall be determined as if Defendant had survived and that determination shall be binding upon

Defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money

8

judgment amount, is collected in full.

21.     Consent to Judgment of Forfeiture.   Defendant agrees to waive all interest in asset subject to this Plea Agreement in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal.   Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.   Defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case.

22.     Fines and Costs.   Issues relating to fines and/or costs of incarceration are not dealt with in this agreement, and the parties are free to espouse their respective positions at sentencing.

23.     Special Assessment.   Defendant agrees to pay the mandatory special assessment of $400 ($100 per count) at or before the time of sentencing, as required by 18 U.S.C. § 3013.

24.     Restitution.   Defendant agrees that the Court should impose an order of restitution for all relevant conduct in an amount to be determined by the Court; that such order of restitution shall be due and payable immediately; and that if Defendant is not able to make full payment immediately, Defendant shall cooperate with the United States Probation Office in establishing an appropriate payment plan, which shall be subject to the approval of the Court, and thereafter in making the required payments.   Any such payment plan does not preclude the Government from utilizing any collections procedures pursuant to the Federal Debt Collections Act and including the Treasury offset program.

25.     Financial Statement.   Defendant agrees to complete truthfully and in full a financial statement provided by the U.S. Attorney's Office, and return the financial statement to the U.S. Attorney's Office within 30 days of the filing of this Plea Agreement.

## F.   LIMITED SCOPE OF AGREEMENT

26.   <u>Limited Scope of Agreement</u>.   This Plea Agreement does not limit, in any way, the right or ability of the Government to investigate or prosecute Defendant for crimes occurring outside the scope of this Plea Agreement.   Additionally, this Plea Agreement does not preclude the Government from pursuing any civil or administrative matters against Defendant, including, but not limited to, civil tax matters and civil forfeiture which arise from, or are related to, the facts upon which this investigation is based.

27.   <u>Agreement Limited to Southern District of Iowa</u>.   This Plea Agreement is limited to the United States Attorney's Office for the Southern District of Iowa, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

28.   <u>Sex Offender Registry</u>.   Defendant understands that by pleading guilty, Defendant will be required to register as a sex offender upon Defendants release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d).   Defendant also understands that independent of supervised release, Defendant will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout Defendant's life. Defendant understands that Defendant shall keep Defendant's registration current, shall notify the state sex offender registration agency or agencies of any changes to Defendant's name, place of residence, employment, or student status, or relevant information.   Defendant shall comply with requirements to periodically verify in person Defendant's sex offender registration information. Defendant understands that Defendant will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements.   Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon Defendant's release from confinement following conviction.   As a condition of

supervised release, Defendant shall initially register with the state sex offender registration in the state of Iowa, and shall also register with the state sex offender registration agency in any state where Defendant resides, is employed, works, or is a student, as directed by the Probation Officer. Defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update Defendant's registration information.   Defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

**G.     WAIVER OF TRIAL, APPEAL AND POST-CONVICTION RIGHTS**

29.     <u>Trial Rights Explained</u>.  Defendant understands that this guilty plea waives the right to:

    (a)     Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

    (b)     A speedy and public trial by jury, which must unanimously find Defendant guilty before there can be a conviction;

    (c)     The assistance of an attorney at all stages of trial and related proceedings, to be paid at Government expense if Defendant cannot afford to hire an attorney;

    (d)     Confront and cross-examine adverse witnesses;

    (e)     Present evidence and to have witnesses testify on behalf of Defendant, including having the court issue subpoenas to compel witnesses to testify on Defendant's behalf;

    (f)     Not testify or have any adverse inferences drawn from the failure to testify (although Defendant also has the right to testify, if Defendant so chooses); and

    (g)     If Defendant is convicted, the right to appeal, with the assistance of an attorney, to be paid at Government expense if Defendant cannot afford to hire an attorney.

30.     <u>Waiver of Appeal and Post-Conviction Review</u>.   Defendant knowingly and

expressly waives any and all rights to appeal Defendant's conviction in this case, including a waiver of all motions, defenses and objections which Defendant could assert to the charge(s) or to the court's entry of judgment against Defendant; except that both Defendant and the United States preserve the right to appeal any sentence imposed by the district court, to the extent that an appeal is authorized by law.   Also, Defendant knowingly and expressly waives any and all rights to contest Defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255.   These waivers are full and complete, except that they do not extend to the right to appeal or seek post-conviction relief based on grounds of ineffective assistance of counsel or prosecutorial misconduct.

**H.      VOLUNTARINESS OF PLEA AND OPPORTUNITY TO CONSULT WITH COUNSEL**

31.      <u>Voluntariness of Plea</u>.   Defendant represents that Defendant's decision to plead guilty is Defendant's own, voluntary decision, and that the following is true:

(a)      Defendant has had a full opportunity to discuss all the facts and circumstances of this case with Defendant's attorney, and Defendant has a clear understanding of the charges and the consequences of this plea, including the maximum penalties provided by law.

(b)      No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this written agreement.

(c)      No one has threatened Defendant or Defendant's family to induce this guilty plea.

(d)      Defendant is pleading guilty because in truth and in fact Defendant is guilty and for no other reason.

32.      <u>Consultation with Attorney</u>.   Defendant has discussed this case and this plea with Defendant's attorney and states that the following is true:

(a)      Defendant states that Defendant is satisfied with the representation provided by Defendant's attorney.

(b)    Defendant has no complaint about the time or attention Defendant's attorney has devoted to this case nor the advice the attorney has given.

(c)    Although Defendant's attorney has given Defendant advice on this guilty plea, the decision to plead guilty is Defendant's own decision. Defendant's decision to enter this plea was made after full and careful thought, with the advice of Defendant's attorney, and with a full understanding of Defendant's rights, the facts and circumstances of the case, and the consequences of the plea.

## I.    GENERAL PROVISIONS

33.    <u>Entire Agreement</u>.  This Plea Agreement, and any attachments, is the entire agreement between the parties.  Any modifications to this Plea Agreement must be <u>in writing</u> and signed by all parties.

34.    <u>Public Interest</u>.  The parties state this Plea Agreement is in the public interest and it takes into account the benefit to the public of a prompt and certain disposition of the case and furnishes adequate protection to the public interest and is in keeping with the gravity of the offense and promotes respect for the law.

35.    <u>Execution/Effective Date</u>.  This Plea Agreement does not become valid and binding until executed by each of the individuals (or their designated representatives) shown below.

36.    <u>Consent to Proceedings by Video-Conferencing</u>.  Defendant consents to any proceedings in this case, including plea proceedings, sentencing proceedings, or any other proceedings, being conducted by video-conferencing technology in use within the Southern District of Iowa if approved by the Court.

## J.    SIGNATURES

37.    <u>Defendant</u>.  I have read all of this Plea Agreement and have discussed it with my attorney.  I fully understand the Plea Agreement and accept and agree to it without reservation. I do this voluntarily and of my own free will.   No promises have been made to me other than the promises in this Plea Agreement.   I have not been threatened in any way to get me to enter into this Plea Agreement.  I am satisfied with the services of my attorney with regard to this Plea Agreement and other matters associated with this case.   I am entering into this Plea Agreement and will enter my plea of guilty under this Agreement because I committed the crime to which I am pleading guilty.   I know that I may ask my attorney and the judge any questions about this Plea Agreement, and about the rights that I am giving up, before entering into the plea of guilty.

6-3-19
_____
Date

_____
BRIAN LEE RHODES

38.    <u>Defendant's Attorney</u>.  I have read this Plea Agreement and have discussed it in its entirety with my client.  There is no Plea Agreement other than the agreement set forth in this writing.   My client fully understands this Plea Agreement.   I am satisfied my client is capable of entering into this Plea Agreement, and does so voluntarily of Defendant's own free will, with full knowledge of Defendant's legal rights, and without any coercion or compulsion.   I have had full access to the Government's discovery materials, and I believe there is a factual basis for the plea. I concur with my client entering into this Plea Agreement and in entering a plea of guilty

pursuant to the Plea Agreement.

_June 3, 2019_
Date

Michael Smart
Attorney for Brian Rhodes
8 South 6th Street, Rm 255
Council Bluffs, Iowa 51501
(712) 352-0552
Email: Mike_Smart@fd.org

39.    United States.   The Government agrees to the terms of this Plea Agreement.

Marc Krickbaum
United States Attorney

_6/5/2019_
Date

By: _____

Shelly Sudmann
Assistant U.S. Attorney
8 South 6th Street, Suite 348
Council Bluffs, Iowa 51501
Telephone:  (712) 256-5009
Telefax:  (712) 256-5112
E-mail:   shelly.sudmann@usdoj.gov