IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 1:18-cr-0079 |
| | ) | |
| | ) | GOVERNMENT'S SENTENCING |
| v. | ) | MEMORANDUM |
| | ) | |
| BRIAN LEE RHODES | ) | |
| | ) | |
| Defendant. | ) | |

Comes now the United States of America, plaintiff in the above-captioned matter, by and through the United States Attorney for the Southern District of Iowa and the undersigned Assistant United States Attorney, and respectfully submits its Sentencing Memorandum.

Defendant is scheduled to be sentenced on October 16, 2019 following defendant's plea of guilty on June 6, 2019. The defendant pled guilty to Counts 1-3 of the Superseding Indictment filed on February 26, 2019 charging Coercion and Enticement of a Minor in violation of Title 18, United States Code, Section 2422(b) and Count 5 of the Superseding indictment charging Distribution of Child Pornography in violation of Title 18, United States Code, Section 2252(a)(2), 2252(b)(1).

## I. ISSUES TO RESOLVE AT SENTENCING

The Presentence Investigation Report ("PSR") has calculated an advisory guideline sentence of 360 months to life imprisonment, based upon a Total Offense Level of 42 and a Criminal History Category of II. (PSR ¶ 145). There are two issues to resolve at sentencing, the appropriate guideline range and the appropriate/reasonable sentence to be imposed after full and fair consideration of the USSG § 3553(a) factors.

## II.     THE ADVISORY GUIDELINE CALCULATION.

"[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *United States v. Feemster,* 572 F.3d 455, 461 (8th Cir.

2009)(enbanc) citing, *Gall v. United States,* 552 U.S. 38 (2007). The government contends that the PSR properly calculated the advisory guideline range as set forth in the PSR. (DCD 35 ¶ 93). The total offense level for Counts 1 and 2 is 40 and the defendant does not object to that calculation. The total offense level for Count 5 is 33 and the defendant does not object to that calculation. As to Count 3, the base offense level is 28 pursuant to USSG § 2G1.3(a)(3). (PSR ¶ 41). The defendant is given a two-level increase for misrepresenting his identity to engage in prohibited sexual conduct pursuant to USSG §2G1.3(b)(2). The defendant is given a two-level increase for use of a computer pursuant to USSG §2G1.3(b)(3)(A). The defendant is given an eight-level enhancement as the offense involved a prepubescent minor pursuant to USSG §2G1.3(b)(5). The defendant is given another 2-level enhancement the commission of a sex act or sexual contact pursuant to USSG § 2G1.3(b)(4). The defendant is given a three-level reduction for acceptance of responsibility pursuant to USSG § 3E1.1(a), (b). (PSR ¶ ¶ 53, 54). The total offense level is 42 for Count 3. (DCD 35 ¶ 23).

      The defendant objected to the enhancement in Count 3 pursuant to USSG § 2G1.3(b)(4). Sexual contact means the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person. 18 U.S.C. § 2246(3). The government will offer exhibit 1, a video sent by Child #3 to the Defendant after he gave dares for Child #3 to do. The video taken in conjunction with the Defendant's request supports the enhancement. As this is an enhancement to the defendant's sentence, once objected to, it is the government's burden, by a preponderance of the evidence, to establish the facts and the enhancement. See *United States v. Thomas*, 630 F. 3d 1055 (8th Cir. 2011). The government will present testimony and exhibits through Special Agent Larsen demonstrating the motive of the defendant's communication was to try and get these children to engage in sex acts or sexual

conduct.

### III.    18 U.S.C. § 3553(a) FACTORS

The government asserts that the defendant's conduct warrants a sentence within the guideline range, well above the mandatory minimum sentence allowed pursuant to statute. (USSG § 5G1.1(b))   The Court clearly has the authority to vary from the recommended sentence based on factors listed in 18 U.S.C. § 3553(a).   The Court is not required to do so however.   In any event, the Court needs to determine a "reasonable sentence" using the Guidelines established sentence as a starting point.

The first factors the court looks at is, the nature and circumstances of the offense and the history and characteristics of the defendant.   The nature and circumstances of this offense are appalling.   The defendant's actions involved several victims, took great time and effort, and were devious and self-serving.   The defendant created fake Facebook accounts, messaged young girls and if they were naive enough to respond, began communicating with him.   The defendant lured them into his world as their online friend or boyfriend.   The defendant manipulated children, told them he cared about them, convinced some of the girls to send him pictures or videos of their bodies, and used his devious influence to encourage these children to   touch other, younger children.

The PSR highlights the behaviors of the defendant with each girl.   The defendant made an investment in his time to create these three separate Facebook accounts that are actually real people.   The defendant next sought out girls to message and then communicate with.   The defendant interacted with Child #3 for over a year.

The government concedes that the defendant did not physically touch any of the children involved in his crimes but he still impacted their lives by befriending them and pretending to be a best friend, a boyfriend, under the ruse of love.   The defendant's words and actions will impact

these young girl's future relationships. (Exhibits 2, 3, 4, and 5).

Additionally, the defendant created two more fraudulent accounts and initiated communication with codefendant Jameson as it relates to Count 5.   The defendant distributed an image of child pornography to Jameson, while pretending to be an eight year old girl.   The conversations between Jameson and the defendant while pretending to be eight and her mother are frightful, essentially discuss sexually abusing a child.   The defendant's actions were not an accident, they were planned out, cunning, with an end goal in mind.   The defendant engaged children online for sexual motivation AND he made Facebook accounts seeking out children that are real people, linked to him in different ways.

The defendant does have a criminal history that includes a misdemeanor fraudulent practices conviction in 2009 in which he was fined, a disorderly conduct conviction in 2010 in which he was fined which involved threatening gestures towards minors.   The defendant was convicted in 2014 of an assault and fined which involved an incident with his mother-in-law. The defendant has two total criminal history points.

The defendant does have mitigating factors for the court to consider.   The defendant reports that his father showed him adult and child pornography and abused his sisters.   The defendant reported a good relationship with his mother and her common law husband, whom he identified as a father figure.   The defendant does not report any adult mental health issues or substance abuse addiction.

The court also must consider adequate deterrence to both this defendant as well as others who are similarly situated and to those that pay attention to the sentences imposed for child sex crimes.   The court should also consider the protection of the community when crafting an appropriate sentence. A sentence within the guideline is necessary, just, and appropriate.

## IV. CONCLUSION

A sentence within the guideline range would protect the community, deter similar conduct, promote respect for the law, and reduce the disparity in sentences by sex offenders.

Respectfully Submitted,

Marc Krickbaum
United States Attorney

By: *S/Shelly Sudmann*
Shelly Sudmann
Assistant United States Attorney
8 South 6th Street, Suite 348
Council Bluffs, Iowa 51501

CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2019, I electronically filed the foregoing with the Clerk of Court using the CM ECF system. I hereby certify that a copy of this document was served On the parties or attorneys of record by:

_____ U.S. Mail _____ Fax _____ Hand Delivery

__X__ ECF/Electronic filing _____ other means

UNITED STATES ATTORNEY

By: */s/ ms*
     Legal Assistant