IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 1:18-cr-00079-RGE |
| | ) | |
| v. | ) | DEFENDANT'S SENTENCING |
| | ) | MEMORANDUM AND BRIEF IN |
| | ) | SUPPORT OF MOTION FOR |
| BRIAN LEE RHODES, | ) | DOWNWARD VARIANCE |
| | ) | |
| Defendant. | ) | |

Defendant Brian Lee Rhodes faces sentencing after pleading guilty to coercion and enticement of a minor (Counts 1 through 3), 18 U.S.C. § 2422(b), and distribution of child pornography (Count 5), 18 U.S.C. § 2252(a)(2) and (b)(1).

## I.  EXHIBITS AND WITNESSES

Mr. Rhodes will offer letters of support as exhibits (currently marked as Exhibits A-1 through A-4).  He does not intend to offer testimony or any other evidence.

## II.  ISSUES AND SENTENCING RANGES

The Court will need to determine the appropriate sentencing range.  For Counts 1, 2, and 3, Mr. Rhodes' statutory range of imprisonment is 120 months to life.  For Count 5, the statutory range is 60 to 240 months' imprisonment.  PSR ¶ 144.

The PSR concluded that Mr. Rhodes' guideline range is 360 months to life in prison (total offense level 42, criminal history category II).  *Id.* ¶ 145.  In paragraph 58, the PSR applied a two-offense-level enhancement to Group 3 under USSG § 2G1.3(b)(4)(A), and Mr. Rhodes has objected.  Ultimately, the objection may not have a bearing on Mr. Rhodes'

guideline range.[1]

The Court is required to impose a term of supervised release of at least five years and up to life. PSR ¶ 147.

## III. ARGUMENT

### A. USSG § 2G1.3(b)(4)(A) does not Apply Because Mr. Rhodes did not Commit a Sexual Act or Engage in Sexual Contact.

As noted, the PSR applied a two-offense level enhancement under USSG § 2G1.3(b)(4)(A) for the conduct relating to victim PS and her sister. PSR ¶ 58. The PSR describes the conduct at issue in paragraphs 31 through 33.

USSG § 2G1.3(b) lists specific offense characteristics that increase the offense level for offenses punishable under § 2G1.3. Subsection (b)(4)(A) provides for a two-level increase if "the offense involved the commission of a sex act or sexual contact." USSG § 2G1.3(b)(4)(A). The guidelines do not specify whether the defendant himself must have committed the sex act or sexual contact for the enhancement to apply.

Although the conduct was abhorrent regardless of the guideline ramifications, Mr. Rhodes argues that § 2G1.3(b)(4)(A) does not apply because *he* did not engage in the sexual contact described in paragraphs 31 through 33. Two canons of interpretation support this reading of (b)(4)(A).

---

[1] If the Court sustains the objection, the highest adjusted offense level would be 40, and Group 5 would be attributed 0.5 units because it is five to eight levels less serious than the group with the highest offense level. *See* USSG § 3D1.4(b). With 3.5 total units, Mr. Rhodes' highest adjusted offense level (40) would be increased by four, rather than three. *See* USSG § 3D1.4. After a three-level reduction for acceptance of responsibility, Mr. Rhodes' total offense level would be 41. A total offense level of 41 and a criminal history category of II still produce a guideline range of 360 months to life in prison.

*First*, the interpretive canon of *noscitur a sociis* "tells us that statutory words are often known by the company they keep." *Lagos v. United States*, 138 S. Ct. 1684, 1688-89 (2018). The other specific offense characteristics in § 2G1.3(b) refer to acts committed by the defendant (not a victim), even though they are structured similarly to (b)(4)(A). For instance, (b)(3) provides for a two-level increase if "the offense involved the use of a computer or an interactive computer service to (A) persuade, induce, entice, coerce, or facilitate the travel of, the minor to engage in prohibited sexual conduct; or (B) entice, encourage, offer, or solicit a person to engage in prohibited sexual conduct with the minor." USSG § 2G1.3(b)(3). Similarly, (b)(2) provides for an enhancement if "the offense involved the knowing misrepresentation of a participant's identity." USSG § 2G1.3(b)(2). Thus, when § 2G1.3(b) refers to "the offense involv[ing]" certain aggravating conduct, it means conduct personally committed by the defendant.

*Second*, any ambiguity must be resolved in Mr. Rhodes' favor under the rule of lenity. *See United States v. Davis*, 139 S. Ct. 2319, 2333 (2019). If the Sentencing Commission intended for § 2G1.3(b)(4)(A) to apply in Mr. Rhodes' situation, it could have used clearer language. As it is, (b)(4)(A) is sufficiently ambiguous that Mr. Rhodes' reading is a reasonable one, and under the circumstances, it is the required interpretation.

Accordingly, the Court should sustain Mr. Rhodes' objection to application of the two-offense-level increase from § 2G1.3(b)(4)(A). *But see United States v. Basa*, 817 F.3d 645, 648-50 (9th Cir. 2016) (rejecting this argument).

### B. The Court Should Vary Downward to Achieve a Reasonable Prison Sentence, Followed by a Life Term of Supervised Release.

Mr. Rhodes understands and accepts that the Court will impose a significant sanction for his conduct. Nonetheless, based on the factors below, he asks the Court to vary from the advisory sentencing guideline range to impose a below-guideline prison term, followed by a life term of supervised release.

*First*, Mr. Rhodes experienced significant childhood trauma. Specifically, a close family member showed him pornography at age 11, including child pornography and nude photographs of another close family member. Additionally, a close family member committed the crimes of incest and sexual abuse when Mr. Rhodes was younger, though he was not a victim. Mr. Rhodes himself was a victim of emotional abuse as a child. PSR ¶¶ 101, 104. Although these traumatic experiences clearly do not excuse Mr. Rhodes' recent behavior, they do help explain his significant issues.

*Second*, Mr. Rhodes seemingly has unresolved mental health issues stemming from his childhood. As a teenager, he received treatment for depression. He has not received any such treatment for many years. *Id.* ¶ 117. He would benefit from mental health treatment during his incarceration and supervised release.

*Third*, the Court should consider the letters of support for Mr. Rhodes. Martha Rhodes, Mr. Rhodes' wife of 11 years, stated that he is a good husband and father to their eight-year-old daughter. Ex. A-1; *see also* PSR ¶ 111. Duane Wood discussed his friendship with Mr. Rhodes and Mr. Rhodes' "dedication to his family." Ex. A-2. Pam Stow, Mr. Rhodes' neighbor, noted that his crimes were a "shock" to her based on his general good character. Ex. A-3. Finally, Gerald Salang, Mr. Rhodes' school counselor, explained that Mr. Rhodes is a

"responsible individual who is naïve and somewhat reserved."  Ex. A-4.

*Fourth*, Mr. Rhodes has never before faced a sentence of imprisonment.  He has prior convictions for misdemeanor offenses and a traffic infraction, but none of the convictions resulted in a sentence of incarceration.  *See* PSR ¶¶ 91-94.  Consequently, any sentence of imprisonment within the statutory range "would probably mean more to him and have a greater impact than on someone who had previous experience being incarcerated."  *United States v. Baker*, 445 F.3d 987, 990 (7th Cir. 2006) (affirming downward variance premised, in part, on defendant's lack of previous incarceration).

*Fifth*, the Court has the authority to impose a lifetime term of supervised release to ensure just punishment and the protection of the public.  PSR ¶ 147.  During his term of supervision, Mr. Rhodes would be subject to stringent conditions, including sex offender treatment, probation searches, no contact with minors, no unmonitored use of computers or the Internet, and no contact with any victims.  *See id.* ¶¶ 163-169.

For these reasons, the Court should impose a below-guideline prison sentence.

Respectfully submitted,

*/s/ Brad Hansen*
FEDERAL DEFENDER'S OFFICE
701 Pierce Street, Suite 400
Sioux City, Iowa   51101
PHONE:   (712) 252-4158
FAX:   (712) 252-4194
E-MAIL:   brad_hansen@fd.org
ATTORNEY FOR THE DEFENDANT

CERTIFICATE OF SERVICE

    I hereby certify that on October 11, 2019, I electronically filed this document with the Clerk of Court using the ECF system, which will serve it on the appropriate parties.

                                      */s/ Brad Hansen*